UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Barry Scott Michaelson,                          Civil No. 14-3151 (MJD/FLN)

           Petitioner,

v.                                        **REPORT AND RECOMMENDATION**

Michelle Smith,

           Respondent.

___

Petitioner, *pro se*.
Marcy Crain, Matthew Frank, and James Early for Respondent.

___

**THIS MATTER** came before the undersigned United States Magistrate Judge on Respondent Michelle Smith's motion to dismiss Petitioner Barry Scott Michaelson's petition for writ of habeas corpus (ECF No. 5). The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, the Court recommends that Respondent's motion be **GRANTED** and the petition be **DISMISSED WITH PREJUDICE**.

## I. FINDINGS OF FACT

Petitioner Barry Scott Michaelson was convicted of first-degree burglary in violation of Minn. Stat. § 609.582, subdiv. 1(a). The Petitioner was sentenced to a 150-month prison term. The Minnesota Court of Appeals affirmed Petitioner's conviction on October 5, 2010. *State v. Michaelson*, No. A10-65, 2010 WL 3854665 (Minn. Ct. App. Oct. 5, 2010). The Minnesota Supreme Court denied review on December 14, 2010.

The undersigned accepts the facts of this case as stated by the Minnesota Court of Appeals:

On June 8, 2008, [Petitioner] Barry Scott Michaelson entered the home of D.O. through an unlocked, ground-level window. Once inside, [Petitioner] took a laptop computer and some coins. That same evening [Petitioner] committed another burglary in an unoccupied home, stealing two laptop computers. D.O.'s computer was found in the unoccupied home, along with two gloves. Subsequent testing confirmed [Petitioner's] DNA on one of the gloves. [Petitioner] was charged with first-degree burglary pursuant to Minn. Stat. § 609.582, subd. 1(a) (2006), for entering D.O.'s home while she was asleep inside.

On December 3, 2008, the state notified [Petitioner] of its intent to seek an aggravated sentence based on the career-offender statute, Minn. Stat. § 609.1095, subd. 4 (2006). On February 10, 2009, [Petitioner] signed a petition to plead guilty. In the petition, [Petitioner] acknowledged that the state was seeking the statutory maximum sentence of 240 months. [Petitioner] agreed to waive a *Blakely* hearing with respect to the issue of whether the career-offender statute applied, but the terms of the plea agreement permitted him to argue for a downward departure. The petition also stated that in exchange for his plea, the state agreed to dismiss a separate 2008 case and agreed to a furlough for [Petitioner] to seek treatment. On the same day as the plea hearing, [Petitioner] also signed a petition regarding the aggravated sentence, acknowledging that the maximum sentence was 240 months; and he again waived his right to a trial on the facts required to support an aggravated sentence under the career-offender statute. The prosecutor discussed the terms of the plea agreement at the plea hearing, stating that "[t]he state would agree to dismiss the remaining file[,] [Petitioner] will waive *Blakely*, agree to career criminal, and the time will be argued at sentencing." Later in the hearing, after [Petitioner] waived his rights and offered the petition, the district court inquired as to the furlough. The exchange was as follows:

> THE COURT: I didn't hear anything about a furlough to treatment.
>
> ATTORNEY: That was part of the agreement, Your Honor. However, there was a DOC–
>
> THE COURT: Well, it's written here–
>
> ATTORNEY: There was a DOC hold.
>
> THE COURT: –but I didn't hear anything.
>
> ATTORNEY: Yeah.
>
> THE COURT: You're agreeing to that?
>
> PROSECUTOR: As I understand it, the defendant has a Department of

2

>     Corrections hold so, furlough or not, he's not going anywhere. I understand
>     somebody else agreed to it, and so, yes, the state agrees to a furlough.
>
> The district court accepted [Petitioner's] guilty plea, finding that his plea was made voluntarily and intelligently.
>
> [Petitioner] later moved for a downward dispositional departure, seeking a stay of execution and probation. At the sentencing hearing, [Petitioner] argued that a departure was justified on the grounds that he took responsibility for his actions and because he wanted to move to Florida to attend treatment to address his drug and mental-health issues. [Petitioner's] counsel referred to the possible furlough, stating that "[the] court in fact did okay a furlough for him to go to treatment, but we weren't able to get him the furlough because of the DOC hold in Hennepin County. We think that's now expired." The prosecutor asked for an executed sentence of 100 months.
>
> The district court denied [Petitioner's] motion for a downward dispositional departure, noting that (1) [Petitioner] had a criminal history of ten years, (2) after [Petitioner's] last two treatment attempts he continued to abuse alcohol and drugs, (3) [Petitioner] "continued to victimize and prey on people" and commit crimes of burglary to support his drug habit, and (4) [Petitioner's] other arguments did not support a departure. Stating that it found no reason to disregard the application of the career-offender statute, the district court sentenced [Petitioner] to 150 months. [Petitioner] did not move to withdraw his guilty plea at any time.

*Michaelson*, 2010 WL 3854665, at *1–2.

Petitioner appealed his conviction to the Minnesota Court of Appeals, claiming that: (1) the district court abused its discretion by imposing a sentence that unfairly exaggerated the criminality of his conduct; (2) the district court abused its discretion by imposing an executed sentence rather than a probationary sentence; and (3) his plea agreement was involuntary because it was induced by the state's agreement to a furlough, which could not be fulfilled. *See id.* at *2–4; *see also* Pet. 2, ECF No. 1. The court of appeals affirmed, finding that the trial court did not abuse its discretion in imposing an executed sentence of 150 months. *See Michaelson*, 2010 WL 3854665, at *2–4. The court also rejected Petitioner's third argument, concluding that he had waived his right to appellate review by raising the issue for the first time on appeal. *Id.* at *4. The Minnesota Supreme Court

denied Petitioner's petition for review on December 14, 2010. Petitioner did not seek review by the U.S. Supreme Court.

On February 8, 2012, Petitioner filed a *pro se* petition for post-conviction relief in Minnesota state court. *See Michaelson v. State*, No. A13-0351, 2013 WL 5676975, at *1 (Minn. Ct. App. Oct. 21, 2013); *see also* ECF No. 1 at 3. In his petition, Petitioner claimed that (1) his sentence under the career-offender statute, Minn. Stat. § 609.1095, subdiv. 4 (2006), was unlawful because his *Blakely* hearing waiver was invalid; and (2) he was denied the right to a hearing on aggravated-sentencing factors. *Michaelson*, 2013 WL 5676975, at *1. The district court denied the petition due to lack of service on the state, and Petitioner re-filed the petition on June 27, 2012. *Id*. The petition was again denied due to lack of service. *Id*. Petitioner served the post-conviction relief petition on the state in August 2012. *Id*. The district court denied his petition, holding that he knowingly, intelligently, and voluntarily pleaded guilty and waived his right to a *Blakely* hearing. *Id*.

Petitioner appealed this decision *pro se* to the Minnesota Court of Appeals. *Id.*; *see also* ECF No. 1 at 9. In his post-conviction appeal, Petitioner (1) maintained that his sentence was unlawful because his *Blakely* waiver was invalid, and (2) claimed that he was denied the effective assistance of counsel. *Michaelson*, 2013 WL 5676975, at *2. The court of appeals affirmed the denial of his petition for post-conviction relief on October 21, 2013, holding that Petitioner's *Blakely* claim was barred under the *Knaffla* rule, and his ineffective assistance of counsel claim was waived because Petitioner failed to raise the issue before the district court. *Id*. Petitioner did not seek review by the Minnesota Supreme Court.

Petitioner now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* ECF No. 1. Petitioner raises three grounds in support of his petition for habeas relief. First, Petitioner argues that

4

his appellate counsel provided ineffective assistance by failing to argue that Petitioner's *Blakely* waiver was invalid, and for failing to raise an ineffective assistance of trial counsel claim. *Id.* at 5. Second, Petitioner claims that his trial counsel provided ineffective assistance by permitting Petitioner to enter into a plea agreement that was contrary to law. *Id.* at 7. Finally, Petitioner argues that his 150-month sentence was in violation of *Blakely v. Washington*, 542 U.S. 296 (2004), and the provisions of Minn. Stat. § 609.1095, subdiv. 4., because there were no "aggravating factors" present. *Id.* at 8.

Respondent now moves to dismiss the petition on two grounds: (1) because it is time-barred under the one-year time period limitation described by 28 U.S.C. § 2244(d)(1); and (2) because Petitioner failed to exhaust his state court remedies. *See* Mem. in Supp. of Mot. to Dismiss 5–9, ECF No. 6. In response, Petitioner claims that the one-year time period limitation had not expired when he, acting in good faith, filed his initial petition for post-conviction relief on February 8, 2012. *See* Pet'r's Opp'n Mem. 1–2, ECF No. 9. In addition, Petitioner argues that he did not fail to exhaust state court remedies because no state court remedy was available at the time he filed his habeas petition. *See id.* at 2–3.

## II. CONCLUSIONS OF LAW

**A.      Legal Standard**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") prescribes the standards that govern review of Petitioner's habeas corpus claims. *See* 28 U.S.C. § 2254(d). There is a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review. This statute, 28 U.S.C. § 2244(d)(1), provides that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation

5

period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To satisfy the exhaustion of state court remedies requirement, a prisoner must "fairly present" his or her claims to the highest available state court before seeking relief in federal court. *O'Sullivan*, 526 U.S. at 845. When a prisoner has not exhausted his state court remedies for a particular claim, and state procedural rules preclude any further attempts to satisfy the exhaustion requirement as to that claim, then the claim has been procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

A claim that has been procedurally defaulted will not be entertained in a federal habeas corpus proceeding unless the petitioner has shown "cause and prejudice" to excuse his procedural default or, in the alternative, there would be a "fundamental miscarriage of justice" if the federal court declined to consider the claim. *Id.* The "fundamental miscarriage of justice" exception is available only upon a "showing, based on new evidence, that a 'constitutional violation has probably

6

resulted in the conviction of one who is actually innocent.'" *Brownlow v. Groose*, 66 F.3d 997, 999 (8th Cir. 1995) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

**B.     Analysis**

Respondent first contends that Petitioner's habeas petition is time-barred because it was not properly filed within the one-year statute of limitations set out in 28 U.S.C. § 2244(d)(1). ECF No. 6 at 5–8. The parties agree that Petitioner's conviction became final for purposes of § 2244(d)(1)(A) on March 14, 2011, ninety days after the Minnesota Supreme Court denied his petition for review on his direct appeal. *See id*. at 8; ECF No. 9 at 1; *see also* Sup. Ct. R. 13.1. Therefore, the one-year statute of limitations to bring a habeas petition would expire on March 14, 2012, unless Petitioner tolled that time period by filing a petition for state post-conviction relief. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). Petitioner claims that his initial post-conviction petition—filed February 8, 2012—successfully tolled the statute and extended his habeas filing period. *See* ECF No. 9 at 2. Conversely, Respondent argues that Petitioner's post-conviction petition was not properly filed until June 27, 2012, after the statute of limitations had expired. *See* ECF No. 6 at 7–8. Assuming without deciding that Petitioner's habeas petition is timely, the Court concludes that the petition must still be dismissed because all three grounds for relief asserted in the petition are procedurally defaulted.

After his conviction was affirmed on direct appeal by the Minnesota Court of Appeals, Petitioner filed a *pro se* petition for post-conviction relief in Minnesota district court alleging that his sentence was unlawful because his *Blakely* hearing waiver was invalid and he was denied the

7

right to a hearing on aggravated-sentencing factors. The trial court denied his petition for post-conviction relief and the court of appeals affirmed, holding that Petitioner's *Blakely* claim was barred under *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976) (holding that "where direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for post-conviction relief"). Petitioner additionally raised an ineffective assistance of counsel claim with the court of appeals. This claim, however, was not part of his original petition for post-conviction relief. Consequently, the court of appeals held that this claim was waived because Petitioner failed to raise the issue before the district court. *See Azure v. State*, 700 N.W.2d 443, 447 (Minn. 2005) (holding that an appellant waived a claim of ineffective assistance of counsel by failing to raise it to the district court). Petitioner did not seek review of the court of appeals decision by the Minnesota Supreme Court.

Accordingly, because Petitioner failed to exhaust his state court remedies, his claims are procedurally defaulted. *See Jackson v. Symmes*, No. 09-2946, 2011 WL 1300930, at *10 (D. Minn. Jan. 18, 2011) ("[W]hen a prisoner has not exhausted his state court remedies for some particular claim, and state procedural rules preclude any further attempts to satisfy the exhaustion requirement as to that claim, then the claim . . . has been procedurally defaulted."). Because Petitioner now raises the same issues asserted in his post-conviction proceedings, review of Petitioner's habeas petition is barred unless he can demonstrate either cause for his default and actual prejudice, or that the failure to consider his claims would result in a fundamental miscarriage of justice. *McCall v. Benson*, 114 F.3d 754, 757–58 (8th Cir. 1997) (citing *Coleman*, 501 U.S. at 750).

Petitioner blames his appellate public defender for the procedural default of his ineffective assistance of trial counsel claim. *See* ECF No. 1 at 7. However, Petitioner's ineffective assistance

8

of counsel claim was declared procedurally defaulted by the Minnesota Court of Appeals due to the fact that he failed to raise the issue in his *pro se* petition for post-conviction relief, not because of his appellate counsel's refusal to raise the issue in his direct appeal. *See Michaelson*, No. A13-0351, 2013 WL 5676975, at *2. Indeed, Petitioner was not represented by counsel at the time he filed his *pro se* petition for post-conviction relief and therefore cannot blame his appellate counsel for failing to raise the issue. Necessarily, this analysis applies equally to Petitioner's claim for ineffective assistance of appellate counsel, as he alone was responsible for raising the issue in his *pro se* petition for post-conviction relief. Accordingly, Petitioner's attempt to blame his appellate counsel for the procedural default of his ineffective assistance of counsel claims is unavailing.

Similarly, Petitioner blames his appellate counsel for failing to challenge his waiver of a *Blakely* hearing on direct appeal. *See* ECF No. 1 at 9. Petitioner's *Blakely* claim is procedurally defaulted pursuant to *Knaffla* because "the claim was or should have been known at the time of the direct appeal and could have been raised at that time." *Michaelson*, 2013 WL 5676975, at *2. However, Petitioner's appellate counsel's decision to forego a *Blakely* challenge on direct appeal does not constitute "cause" sufficient to excuse his procedural default. *See Murray v. Carrier*, 477 U.S. 478, 486 (1986) ("[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default."). Additionally, there is nothing in the record that suggests Petitioner's appellate counsel's performance fell below an objective standard of reasonableness. *See Strickland v. Washington*, 466 U.S. 668, 687–89 (1984) (stating that there is a strong presumption that appellate counsel's judgment about which issues to raise "falls within the wide range of reasonable professional assistance"). Therefore, the Court concludes that the failure of Petitioner's appellate counsel to raise a *Blakely*

claim on direct appeal does not constitute "cause" sufficient to excuse Petitioner's procedural default.

Petitioner additionally claims that his lack of knowledge of the law is responsible for his procedural default. *See* ECF No. 1 at 12. However, the Eighth Circuit has expressly held that a prisoner's *pro se* status and ignorance of the law are not sufficient causes for failing to pursue available state court remedies. *See Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir. 1988). Consequently, Petitioner's lack of legal knowledge does not excuse his procedural default.

Finally, the "fundamental miscarriage of justice" exception requires a showing, *based on new evidence*, that a constitutional violation has probably resulted in the conviction of a person who is actually innocent. *Meng Vang v. Fabian*, No. 11-cv-60, 2012 WL 566945, at *3 (citing *Brownlow,* 66 F.3d at 999). Here, Petitioner does not claim actual innocence nor does he assert that new evidence exists to prove the existence of a constitutional violation resulting in his conviction. In fact, the goal of Petitioner's habeas petition is to reduce his 150-month sentence to a 60-month sentence—the presumptive sentence for his crime. *See* ECF No. 1 at 15. Therefore, the fundamental miscarriage of justice exception is not applicable.

Accordingly, the Court concludes that Petitioner's claims must be dismissed because they are unexhausted and procedurally defaulted. There is no evidence before this Court to suggest cause and actual prejudice, or a fundamental miscarriage of justice, to overcome the procedural default of these claims.

### III. RECOMMENDATION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Respondent's motion to dismiss (ECF No. 5) be **GRANTED**;

2. Petitioner's petition for habeas corpus relief under 28 U.S.C. § 2254 (ECF No. 1) be **DISMISSED WITH PREJUDICE**.

DATED: July 29, 2015
                                                 *s/Franklin L. Noel*
                                                 FRANKLIN L. NOEL
                                                 United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **August 12, 2015**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.